### ATTERBURY v. UNITED STATES.
### No. L–135.

Court of Claims.
May 31, 1932.

In this suit plaintiff seeks to recover $15,751.36 with interest, representing additional excess profits tax collected from the partnership of Van Emburgh & Atterbury for 1917. He claims that this additional tax was collected beyond the limitation period provided in the statute.

### Special Findings of Fact.

1. Plaintiff is the sole surviving partner of Van Emburgh & Atterbury, a partnership, which was organized in 1916 and was dissolved in 1922. It consisted of the plaintiff, C. L. Danforth, and F. T. Richardson, general partners, and George R. Fearing and Richard Fearing, special partners. Atterbury owned a seat on the New York Stock Exchange which was of considerable value and which he contributed to the partnership. The other general partners invested nothing in the business. Each special partner invested $200,000 in the enterprise, but took no part in the conduct of the business. Each special partner shared in the net profits of the partnership to the extent of 10 per cent. which included 6 per cent. paid as dividends and/or interest on the money invested. The partnership made investments on its own account. It purchased for its own account stock costing $172,153.86 and sold the same later for $12,414.

2. The partnership of Van Emburgh & Atterbury was subject to excess profits tax for the calendar year 1917. It had a large invested capital for 1917 under the Revenue Act of 1917 (40 Stat. 300). It filed no excess profits tax return on form 1102, as required by the Revenue Act of 1917 and the regulations and instructions of the Commissioner of Internal Revenue made pursuant thereto.

On April 1, 1918, the partnership filed a return of its income on form 1065 for 1917, which return showed all items of income and deductions, and there was attached thereto a balance sheet as of January 1 and December 31, 1917. The return proposed to compute the excess profits tax on a basis of a flat 8 per cent. of net income under section 209 of the Revenue Act of 1917 (40 Stat. 307) for a partnership having no invested capital. The return contained the further statement that, "while this firm is a special partnership, this return is made upon partnership basis,

and not as a corporation." The balance sheet attached to the return was as follows:

January 1, 1917:

| | |
|---|---|
| Cash in Bank of New York | $ 136,905.99 |
| Cash in office | 24.25 |
| Transfer tax stamps (N. Y.) | 448.20 |
| War stamps (old) | 256.32 |
| Accounts receivable | 12,364,726.37 |
| | 12,502,361.13 |
| Accounts payable | 12,102,361.13 |
| Partners' loan | 400,000.00 |
| | 12,502,361.13 |

December 31, 1917:

| | |
|---|---|
| Cash in Bank of New York | 129,241.39 |
| Cash in office | 170.44 |
| Transfer tax stamps (N. Y.) | 369.94 |
| War-tax stamps | 224.39 |
| Accounts receivable | 8,729,167.42 |
| | 8,859,173.58 |
| Accounts payable | 8,248,281.61 |
| Partners' loan | 400,000.00 |
| Profit and loss | 210,891.97 |
| | 8,859,173.58 |

The profits tax shown on the return, form 1065, computed at 8 per cent. of the net income, was $16,332.35, which was paid May 31, 1918.

Item 2 of the General Instructions on the excess profits tax return, form 1102, required to be filed by partnerships for 1917, provided:

"Who Must Make a Return on Form 1102. —Every partnership having for the taxable year a net income of $6,000 or more (see Form 1065) must make a return on this form of its average invested capital during the taxable year, and compute the amount of its excess-profits tax, if any, as directed herein, unless it has no invested capital and therefore is authorized to compute its tax on Form 1065."

Thereafter, in March, 1922, the Commissioner, through one of his agents, made an investigation and examination of the books and records of the partnership, and included in invested capital of the partnership $400,000, contributed by the special partners, and also the value of the New York Stock Exchange seat contributed by Atterbury. Thereafter the Commissioner, upon audit of the tax liability of the partnership for 1917, computed the profits tax under section 201 of the Revenue Act of 1917 (40 Stat. 303), and on October 13, 1922, notified the partnership by letter of his determination of a deficiency of $59,480.33 which he proposed to assess. November 29, 1922, the partnership filed a protest against this additional tax. Thereafter, by letter dated December 28, 1922, written pursuant to a conference held on that date in the office of the Commissioner of Internal Revenue, plaintiff requested the allowance of additional salaries to the general partners at $25,000 each; only $5,000 each having been claimed on the return. Plaintiff also requested that the New York Stock Exchange seat contributed to the partnership be given its proper value for invested capital purposes.

February 26, 1923, the Commissioner advised the plaintiff that upon consideration of the information submitted he had finally determined the correct additional tax for 1917 to be $15,751.36 instead of the amount first proposed. The letter, however, rejected plaintiff's earlier contention for computation of its excess profits tax under section 209 of the Revenue Act of 1917, for the reason that the partnership had a large invested capital.

3. March 31, 1923, the Commissioner assessed the additional excess profits tax of $15,751.36 against the partnership for 1917, which was paid by plaintiff April 28, 1923. On the last-mentioned date he filed a claim for refund for the amount so paid, which claim was rejected by the Commissioner October 26, 1928.

Robert Ash, of Washington, D. C., for plaintiff.

J. A. Rees, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen. (J. W. Hussey, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and LITTLETON, WHALEY, WILLIAMS, and GREEN, Judges.

LITTLETON, Judge.

Plaintiff contends that the filing of the return of income, form 1065, was sufficient to start the running of the statute of limitation on its excess profits tax liability, and that therefore the excess profits tax of $15,751.36 for 1918 was collected one month after the expiration of the statute of limitation of five years from the date on which the return of income, form 1065, was filed.

The Commissioner held, and the defendant here contends, that the return of income, form 1065, filed April 1, 1918, was not sufficient to start the running of the statute of limitation on the assessment and collection of the excess profits tax for 1917. We are of opinion that the defendant is correct, and that plaintiff is not entitled to recover. The partnership had a large invested capital for 1917, and was therefore required under the statute, the regulations, and the instructions contained on the excess profits tax return, form 1102, to

make and file an excess profits tax return. It did not do so, and the statute of limitation did not therefore run against the collection of the additional tax. McDonnell and Truda v. United States (Ct. Cl.) 59 F.(2d) 295, decided this date.

The petition is therefore dismissed. It is so ordered.